COURT OF APPEALS
DECISION
DATED AND FILED

February 14, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP648-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF3348

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

EBONE M. SPENCER,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed.*

Before Brash, C.J., Donald, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Ebone M. Spencer appeals the judgment convicting her of felony murder and of arson of a building as a party to the crime. She also appeals the order denying her postconviction motion for plea withdrawal. Spencer argues that she is entitled to an evidentiary hearing on her claim that her plea to felony murder was not knowing, voluntary, and intelligent because she was unaware of the correct maximum penalty. We disagree and affirm.

## I. BACKGROUND

¶2     The State charged Spencer with felony murder, arson of a building as a party to a crime, and mutilating a corpse as a party to a crime. As to the felony murder charge, the State alleged that Spencer's underlying offense was burglary with the commission of a battery.

¶3     Pursuant to a plea agreement, Spencer pled guilty to felony murder and arson of a building as a party to a crime, and the State moved to dismiss and read-in the mutilating a corpse charge. During the plea colloquy, the circuit court accurately stated the maximum penalty for arson. However, when explaining the maximum penalty for felony murder, the circuit court misstated the maximum:

> THE COURT:  Now, that offense is an unclassified felony. In this particular instance, the maximum possible penalty is up to 22 and a half years in the Wisconsin State Prison. Now, I'm sorry. Yes, that's right. Up to 22 and a half years in Wisconsin State Prison, up to a $50,000 fine, or both. Do you understand that?
>
> MS. SPENCER:  Yes.

The correct maximum penalty for felony murder in this case was thirty years of imprisonment, and there was no applicable fine.

¶4      At sentencing, the court imposed consecutive sentences totaling twenty-five years of initial confinement and fifteen years of extended supervision. The circuit court did not impose a fine.

¶5      Spencer subsequently filed a motion for postconviction relief seeking plea withdrawal.[1]   She argued that she was unaware of the correct maximum penalty she faced at sentencing.  Specifically, she alleged that she was unaware of the correct maximum penalty for felony murder because the court misadvised her that the offense included a potential $50,000 fine.[2]

¶6      The circuit court denied the motion.  This appeal follows.

## II. DISCUSSION

¶7      "When a defendant seeks to withdraw a guilty plea after sentencing, he [or she] must prove, by clear and convincing evidence, that a refusal to allow withdrawal of the plea would result in 'manifest injustice.'"[3]   *State v. Brown*, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906 (citation omitted).  "One way the defendant can show manifest injustice is to prove that his [or her] plea was not entered knowingly, intelligently, and voluntarily."  *State v. Taylor*, 2013 WI 34, ¶24, 347 Wis. 2d 30, 829 N.W.2d 482.

---

[1] This was Spencer's second postconviction motion.  She does not appeal the circuit court's order denying her first motion.

[2] Spencer did not seek plea withdrawal based on the circuit court's misstatement as to the term of imprisonment.

[3] The circuit court erroneously characterized the misstatement in the colloquy as harmless error.  However, this characterization is of no consequence to our resolution given that we can affirm based on different rationale.  *See State v. Earl*, 2009 WI App 99, ¶18 n.8, 320 Wis. 2d 639, 770 N.W.2d 755.

¶8 Spencer argues that she is entitled to an evidentiary hearing on her claim that her plea was not knowing, voluntary, and intelligent because she was unaware of the correct maximum penalty. A circuit court must hold an evidentiary hearing on a motion for plea withdrawal if the motion: (1) makes a prima facie showing that the plea was accepted without the circuit court's conformance with WIS. STAT. § 971.08 (2019-20)[4]; and (2) alleges that, in fact, the defendant did not know or understand information that should have been provided during the plea colloquy. *State v. Cross*, 2010 WI 70, ¶¶19-20, 326 Wis. 2d 492, 786 N.W.2d 64. The burden then shifts to the State to prove by clear and convincing evidence that the defendant's plea was knowing, voluntary, and intelligent despite the deficiencies in the plea hearing. *State v. Bangert*, 131 Wis. 2d 246, 274, 389 N.W.2d 12 (1986). Whether a defendant is entitled to an evidentiary hearing is subject to our *de novo* review. *See Brown*, 293 Wis. 2d 594, ¶21.

¶9 WISCONSIN STAT. § 971.08(1)(a) requires a court to verify that the defendant understands the "potential punishment if convicted." A fine is part of the range of punishments a defendant faces. *See* WIS. STAT. § 939.50(3); *State v. Ramel*, 2007 WI App 271, ¶15, 306 Wis. 2d 654, 743 N.W.2d 502. When it comes to conformance with § 971.08, a defendant can be said to understand the potential penalties when the maximum communicated to her is higher, but not "substantially higher," than the correct maximum. *Cross*, 326 Wis. 2d 492, ¶38.

---

[4] When the circuit court fails at one of the duties identified in WIS. STAT. § 971.08, it is called a "*Bangert* violation." *See State v. Cross*, 2010 WI 70, ¶19, 326 Wis. 2d 492, 786 N.W.2d 64 (citation omitted).

All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

A determination of what qualifies as substantially higher depends on the facts of the case. *Id.*, ¶41.

¶10 Here, the question is whether the circuit court's misstatement as to the $50,000 fine constituted a substantially higher penalty than the law allowed.[5] Spencer contends that the difference between a $50,000 fine and no fine at all is substantial. Under the facts of this case, we disagree.

¶11 In *Cross*, our supreme court concluded that it was not a substantial defect when the circuit court informed the defendant that his maximum term of imprisonment was forty years, when in fact it was only thirty years. *Id.*, ¶¶1, 4-5. The court held:

> [W]here the sentence communicated to the defendant is higher, but not substantially higher, than that authorized by law, the incorrectly communicated sentence does not constitute a *Bangert* violation and will not, as a matter of law, be sufficient to show that the defendant was deprived of his constitutional right to due process of law.

*Id.*, ¶40.

¶12 Following *Cross*, it stands to reason that the circuit court's overstatement about a fine that was not ultimately imposed is not a substantial defect. As in *Cross*, here, Spencer faced a different penalty than she was told. However, the difference between the incorrect and correct penalties is not enough to warrant an evidentiary hearing. A $50,000 misstatement is not a more substantial defect than telling a defendant he faced ten more years of imprisonment than he actually faced. *See id.*, ¶1.

---

[5] The circuit court's misstatement regarding Spencer's prison exposure is not currently before us.

¶13 We conclude that Spencer understood the range of punishments and has not made a prima facie showing that the circuit court failed in its duties under WIS. STAT. § 971.08. *See Cross*, 326 Wis. 2d 492, ¶41. In addition, Spencer has not demonstrated that withdrawal of her plea is necessary to correct a manifest injustice. *See id.*, ¶42 ("A manifest injustice occurs when there has been 'a serious flaw in the fundamental integrity of the plea.'" (citation omitted)).

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.